Appellant, Mr. Axsom for the appellant, Mr. McGovern for the appellee. Good morning. Good morning, counsel. Tony Axsom representing the appellant, Robert Smith, and I'd like to reserve three minutes for rebuttal. The district court in this case erred in ruling that Mr. Smith was not eligible for sentence reduction because his ruling 11C1C plea agreement was not based on the guideline sentencing range that had been reduced by amendment 782. Under this court's case, United States v. Epps, a sentence is based on the guidelines if it was a relevant part of the analytical framework the judge used to determine the sentence or to approve the agreement. In this case, the parties agreed upon a specific sentence, 156 months, and at several points within the plea agreement referenced the guidelines. At least six different paragraphs referenced the guidelines and say that the defendant will be sentenced in accordance with the guidelines. The ultimate paragraph referencing the guidelines even notes that three points will be taken off for acceptance of responsibility. In the government's sentencing memo, they say that the defendant should be sentenced consistently with the guidelines and note that 156 months is near the midpoint of the advisory guideline range. But the most important factor are the reasons the judge gave for giving the sentence and the framework that the judge used in sentencing the defendant. And the district court began the sentencing by noting that the guidelines range was 140 to 175 months, and the negotiated sentence, 156 months, was right smack in the middle of the sentencing guideline range. Later in the sentencing proceeding, the judge actually went through the guidelines themselves, told the defendant what his criminal history category was, what the offense level was, and how that worked into the sentencing matrix to arrive at the sentencing guideline range, even though this was a negotiated sentence of 156 months. And ultimately, the district court imposed the 156-month sentence, noting that it was authorized by the guidelines. So this is a case where the guidelines factored heavily into the negotiated sentence and were part of the analytical framework the district court used to sentence the defendant. So it was legal error for the district court in the 3582 proceedings to decide that, to rule that the defendant was not eligible because his sentence was not based on the guidelines. So suppose you're right on that. The district court, as you know, also went on to alternatively rule that even if eligible for the sentence reduction, she was not going to grant a reduction in this case and explained why. And I guess first question on that, our standard of review of that is abuse of discretion, correct? That's correct. And why is that what the judge did not sufficient under our case law, which is, as you know, quite deferential on 3553? Well, first and foremost, because the judge, that decision was informed by an incorrect understanding of what the judge had done before. While it was legal error to find Mr. Smith not eligible, it was also factual in nature because the district judge believed that the sentencing guidelines didn't have any influence over the negotiated sentence. And it's not clear from the record whether the district court actually looked back at the sentencing transcript, but the opinion does not cite the sentencing transcript. The government didn't cite the sentencing transcript in the 3582 proceeding, and the defendant didn't cite the sentencing transcript. But isn't the district judge in that circumstance saying, just hypothesize, okay, assuming you're eligible for the reduction, my job now is to consider whether the sentence you have or the sentence you want, whatever sentence is reasonable in light of all the 3553 factors. And I've determined, as the sentencing judge, that the sentence you have, which is 13 years, is the reasonable sentence after considering the factors. And she identifies a few points in the record. Well, there's a faulty premise in forming the district court. And the faulty premise is that the original sentence was not based on the guidelines. And the guidelines are a 3553 factor. So that factor, when you get to this abusive discretion standard, is being discounted by the district judge because the district judge believes that it had no influence on the original sentence. If it did, in fact, have an influence on the original sentence, and the judge is operating under a faulty assumption that it didn't, that's a procedural error. It's a legal error. It's a legal and factual error. I guess I'm not sure how that would affect your consideration of the current situation. Because the current situation is, okay, the plea agreement, the guidelines are relevant now in considering whether the sentence is reasonable. Is it appropriate and reasonable in light of all the 3553 factors, which you correctly say the guidelines is one of those. And the district judge here just concludes, yes, I've considered those factors in 13 years as an appropriate sentence. I guess some related questions. That's just a comment, really. The related question is, what would be the point, or what do you think could happen on remand here, given what the district judge has already said about this? If we assume that... What I think could happen on remand is that if the district judge appreciates that the original sentence was based on the guidelines, which incorporate 3553A factors, and those guidelines are now lower, it could have an influence on whether the judge thinks that this defendant should receive some reduction to his sentence. Does your argument go so far as to mean that a judge cannot, in any circumstances, make the kind of dual ruling that the judge did here? First, it's not based on. Second, if it were, I think the old sentence is right. No matter how many other things are in place. This is a hypothetical. It's not this case. It's difficult. One is strictly a legal error, and one is... When you're talking about procedural errors, yes, it's my view that once the district court... The incorrect assumptions, facts or law, cannot inform, cannot create a reasonable sentence. That it's impossible to get to a reasonable sentence. Cases where the judge mistakenly says that it was not based on... There's no point in the judge doing a follow-up sentencing, saying, assuming I'm wrong, and such and such. Maybe in a hypothetical, if a judge is actually saying, assuming I'm wrong, that I did rely on the guidelines. That's not clear here. All the judge says here is, if he were eligible. There's still wording with which the judge addressed the possibility of error on the first issue. I'm sorry? The viability of what the judge did on the second issue, the actual decision to change the sentence, would depend upon how the judge frames his or her reaction to the disposition of the first issue. I do think that's important because the judge may... In explaining the reasons for the sentence, which is another requirement by the district court, another procedural... I would say it's a failure in this case to say that the defendant is eligible where you have just said, I did not rely on the guidelines. There's inconsistencies. My guess is that there are quite a few cases where we allow a court to dispose of one issue one way and then say, assuming I'm wrong on that, now I go ahead and do this, even though there's an interlock between the two issues. No, there is an interlock, but from the district court's point of view, the district court is not, I think, saying he is eligible. At the first step, the district court made a finding as a matter of law that he was not eligible. At the second step, the district court is not, I think, saying, if I am wrong on the law... I think the district court is perhaps saying if I'm wrong on the law and he is eligible. The problem is the district court is wrong on the law and the facts, because the facts do not support the district court's first step finding that the guidelines did not play a factor in his sentence. But that would mean, I think, that you would always be entitled to the reduction in a case where the agreement was based on the guidelines, which is, under our case law, going to be virtually every case. You acknowledge, I think, that this is a discretionary determination by the district judge whether to reduce the sentence, and our standard of abuse of discretion, and as you know, our case law is very deferential now, post-Booker. I realize it's a difficult standard, but... Perhaps... I mean, I think you make a good point in the bigger picture of, hey, we made the plea based on the guidelines. The guidelines have changed, so the plea would have been different, so you should bump the sentence down. That's a very logical position, in my view. The problem is the law does not require the district judge to follow that path of logic, but instead just gives the discretion of the district judge. So if I were a district judge, I'd be completely with you, but our standard of review is different. Well, to come back to Judge Williams' point about the language that the district court uses, the district court, at the second step, the district court did not say, I find, as a matter of fact, that the guidelines did inform the sentence. The district court is assuming that he is eligible. But at the second step, I think the facts are more important. Right. I can see your point. The district judge's mindset is a little different. Right. At the second... The district judge is just saying, and if he's eligible, but the district court is, at the same time, saying, factually, I did not rely on the guidelines. In a 3582 proceeding, the district court is not supposed to be figuring out what it did before and explaining, like, its rationale for the sentence before. The record speaks for itself. That's why this court can look at the first step and see the sentencing transcript and see what the district court did before. And that's why it's, as a matter of law, either the district court did rely on the guidelines or did not. But at the second step, the district court is having already determined at the first step that it actually did not, factually. The second step, it may be saying, maybe legally, if he's still eligible, but factually, this district court is still, again, in the mindset that I did not actually... And that's actually what the district court says. I mean, it says, here, Mr. Smith was not sentenced pursuant to the guidelines. The plea agreement did not refer to any sentencing range provided by the guidelines, and the guideline range was not a part of the court's calculus in determining the sentence. So there may be cases where the first step can be reconciled with a conditional or an alternative second step. But I'm saying this is not a case that can be reconciled because at the second step, the district court doesn't take the... does not add language such as, even if I am factually incorrect, even if my memory is incorrect, the district court is just saying, even if under the law, he's somehow eligible. But he's still being disadvantaged because the district court believes factually that the guidelines didn't play a role. So as the district court does its analysis under the second step, the guidelines and the effect of the guidelines on 3553A are discounted for this district judge. And we see that because there's not a lot of other discussion of the 3553 factors. I'd also submit to the court that the district court plainly does not respond, doesn't provide an explanation for why he is a danger, why his post-conviction rehabilitation doesn't warrant sentence reduction. We have a lot of case laws you're familiar with that says the district court does not need to expressly identify every factor. Not every factor, but has to respond to non-frivolous... Well, we've said, nor does it require the court to address expressly each and every argument advanced by the defendant. We've said that, too, in cases like Locke and Knight. So we've been, on that score as well, very deferential to the district courts. I take your point on that explanation, though. Why don't we hear from the government? We'll give you some time on rebuttal. Good morning, Your Honors. Michael McGovern on behalf of the appellee of the United States. The district court did not err when it determined that appellant was not eligible for a sentencing reduction, because as the sentencing court expressly acknowledged in its order denying the appellant's motion, the guidelines range was not a part of the court's calculus in determining the sentence. Indeed, the record clearly shows that what was the overarching framework for the district court's acceptance of the 11C1C plea was the fact that the plea was wired to three co-defendants who were also pleading guilty pursuant to 11C1C. Well, it doesn't have to be the overarching factor. It just has to be a factor. And I guess I have trouble seeing this record as clear, given the number of comments that the district court made about the sentencing guidelines. How could we determine that this wasn't a factor when she talked about that, well, first of all, the entire sentencing was set up as we're going to only plead to this offense and here is a range for that offense. And this agreement is right smack in the middle of it and the acceptance of responsibility in the other discussion. How can we not say that it wasn't a part? It might not have been the biggest part, but it was a part. So, Your Honor, the court needs to find under Epps' adoption of Freeman's was a very relevant part of the analytic framework that the court used to accept the agreement. Now, appellant's counsel rightly indicates that at the very beginning of the sentencing hearing, there was a statement that the district court made to the defendant that this particular number fell within what would be the guidelines range for that particular offense to which he was pleading guilty. However, that entire discussion, indeed the first half of the transcript of the sentencing hearing, was not related to the sentencing itself. When the defendant, when the appellant in this case came into the court that day, it was not at all clear to any of the parties that he would be moving forward to sentencing that day. Instead, he was still determining whether or not he would withdraw that. As one factor of his consideration, the court did note that this fell, that this agreed-upon sentence fell within the guidelines range. However, the court- Why isn't that a big, you know, helping him to understand why this plea is structured as it is as he's considering whether to accept it to say, look, the sentencing guidelines are the framework here for this entire deal and for my decision-making and whether to approve it. So, it is true that the sentencing guidelines were the framework, but the sentencing guidelines also provide for mandatory minimums. And here, there were enhancement papers that could have been filed on one of the charges to which he was subject that would have made him a mandatory life sentence. Well, that just makes the sentencing guidelines at issue here even more the exact framework for this entire plea because we weren't going with the life argument. The entire structure under which this deal was framed and his sentence was determined and the district court determined whether it was a reasonable thing for it to accept was the sentencing guidelines framework. What else did you rely on? Your Honor, I think there's a difference between saying that the sentencing guidelines are a relevant factor and the sentencing guidelines range that was then subsequently lowered is a relevant factor in the framework. Why? Why would we parse that that way? Because, Your Honor, here, the overarching framework was that the court accepted 13 years as a reasonable sentence because the defendant was facing life papers. That statutory enhancement wasn't ever subsequently amended. So, the basis for returning to and reducing the sentence under 3582 is no longer there. There's no reason because the primary factor for which he is negotiating his plea agreement hasn't been amended downwards. Well, let me ask you. You said you came in and said, look, what was really driving all this was that it was a wired plea. That was the big thing. This was a wired plea in 11C1. That was, I think that's, I don't want to put words in your mouth, that was my understanding of how you came in, that the overarching factor. I believe I was going to mention that there were a number of overarching factors. One was that it was a wired plea, but also that this appellant was subject to mandatory life papers on his charges. So, if the district, I'm trying to understand what the district court is supposed to do in a case like this where it's 11C1, so a number, they come in with it. They come in with a number. And then you all come and say it's a wired plea. It's either this or four or five trials are going to have to go, or a trial with four or five defendants. I wasn't sure how you were going to do it. It's a wired plea, and otherwise he's facing life. When the district court is evaluating whether to accept that plea, if not to look to the guidelines, what is the district court supposed to do to measure? How else is the district court supposed to measure whether this is a responsible thing for the court to accept? What the court did in this case, according to the language of page 16 of the transcript, is it looked to whether or not, under the statutory factors, the sentence was sufficient but not greater than necessary to fulfill the goals of sentencing, and then pointed to the factors that she believed met that criteria. And the factors to which... And the sentencing guidelines was part of that consideration, right? She never expressly, once she identifies that as the test she's applying, she never returns to the sentencing range that she had previously calculated, because Your Honor is right. She did calculate the sentencing ranges as required. But once she begins the analysis of the reasonableness of the 11C1C plea, she never again mentions that guideline range. Rather, she mentions that the defendant avoids a mandatory life term by entering his plea, which he has done. So, again, it's her framework... I think practically always the case that in a C1C plea, there are factors which could have been treated differently, right? I mean, that seems to me inevitable in a C1C plea. All kinds of things could have happened if there hadn't been a plea. And, sure, it's fine for the court to mention them. And indeed, maybe it's hardly suitable to mention them. But you're leading out the fact that the pleas plunk in the middle of the guideline range of what the defendant pleads to, and that is noted affirmatively by the court. If in that context it isn't based on the guidelines, I'm not sure how it can ever be. It's a realistic matter. And, again, Your Honor, our position is that Epps requires us to look at the framework that the court is applying to accept this number as a plea, and the framework that this court applied was looking at the life paper enhancements that this appellant was facing, and then recognizing that 13 years was a reasonable departure from that potential sentence, and not looking at the fact that that sentence, that 13 years, also happened to fall within the guidelines range for this particular offense. Again, once the court addresses the plea. I guess I'm really confused because on page 1516, we have the defendant going, okay, okay, I'm ready to go forward. I'm going to take the plea. And so now the court, as you said, is transitioning to, okay, is this an acceptable sentence? And she says, the first thing we do is look at the sentencing guidelines. This is after he's agreed to accept the plea. The first thing we do. And then she does criminal history category. And then on page 16, we start with the idea that the 11C1 plea is authorized by the sentencing guidelines. So I don't understand your argument that she never talked about the sentencing guidelines when she got to this phase of the hearing. So again, Your Honor, I'd like to make a distinction between whether the sentencing guidelines and the sentencing guidelines range that was subsequently amended. But I'd also point, Your Honor, to United States v. Cook, where this court found in a situation where there was an applicable mandatory minimum, although the district court in that case had calculated the guidelines range that was a part of the sentencing hearing, the court's decision of applying that mandatory minimum to that defendant was not based on the guidelines range that was subsequently amended down. Now, I would also point to the language on page 16 where the court notices that an 11C1 plea is authorized by the sentencing guidelines. Cook's before Freeman. Cook's before Freeman, right? Yes, Your Honor, but there was nothing within Freeman that necessarily abrogates Cook. Okay. I'm sorry if I interrupted. No, I just wanted to point out that Cook was before Freeman and Epps. And I take your point that it carries on. I would also point on page 16 to language where when noting that 11C1C is permitted by the guidelines, the court also refers to this as a variance sentence. And so you can see that the framework that the court is applying is that her acceptance of this 11C1C is varying. And that's actually explicitly stated in the district court's decision. But how much you're varying and the fact that you're even talking about varying and thinking about varying shows that the guidelines are an anchor to what you're contemplating as a judge. But, Your Honor, if she was accepting 156 months as within the guidelines range, it wouldn't have been a variance. Rather, this shows that her framework for this particular plea agreement was the mandatory life papers that were. And that, in fact, is what she then expressly states in her opinion below. Now, unless there are any further questions on that issue. Well, I just think you're tilting that windmill a little bit on that issue. What about the alternative argument that the district court recognized in the alternative that she had discretion but was declining to exercise that discretion in this case, given all the factors? Yes, Your Honor. So even if a penalty were eligible, the district court properly exercised its discretion in this case. Not only did the court recognize that it had discretion and recognize that the standard that it would need to apply to a sentencing reduction was a reconsideration of the statutory factors in 3553A, she also then went through an analysis of why she believed that. She gave a reason. She gave a reason. But it's not disputed that she didn't address reasons going the other way. She did not explicitly address. Can you help point to any circuit court decision reviewing a sentence or refusal to change a sentence which leaves the sentence above the new guideline range and doesn't respond at all to objections to retention of the old sentence, upholding silence by the court on that? Not as I stand here today. However, Your Honor, I would note we're in a slightly different posture than that, which is this court recognized that there were mandatory sentencing papers that would imply to be a life enhancement. So in fact, the 13 years that she believed was appropriate and she was saying was below what he would have received had he gone to trial. Hang on. We don't do a complete do-over on these decisions. We don't get to suddenly say, fine, let's have an entirely new sentencing that brings in the enhancement and the life papers. What you do is we decide whether it was eligible for resentencing, and then the decision is made only about correcting the error or correcting the change based on the change that was worked in the guidelines. You don't get to have a do-over and bring in all new things and start a whole new conversation about what the right sentence is. So I don't know why the life factor comes in. But this was an 11C1C, so it was agreed upon stipulated plea that both the appellant and the government had agreed was appropriate in this case. And looking to the 3553A factors, this court determined that that 13 years was an appropriate sentence for him, particularly in light of the fact that he was a danger to the community, and that he had committed these offenses while on release for prior drug and gun offenses. You seem to assume that because there may be, and indeed are, reasons for not changing the sentence, that means there's no need to, at least detectively, consider arguments that point the other way. That doesn't seem like an ordinary exercise of discretion. This court's prior opinions have made clear that she need not express the district court need not expressly state her considerations, provided that she does consider the factors. And based on her opinion, she does indicate that she's considering those factors in this case and notes that. Where does she indicate that she's giving any consideration to mitigating that? I get that the judge doesn't have to march through each provision and subprovision of 3553, but is there anything in this one paragraph that acknowledges anything going the other way? There is the statement in the paragraph that Mr. Smith poses a danger to the community. The argument that Mr. Smith had made below was that he had engaged in post conviction rehabilitation while at the jail, but her determination that his prior history and the fact that he was willing to commit these crimes while unreleased resulted in her finding him a danger to the community, which implicitly rejects. Well, that was all before. That just means, like, the district court stopped sort of at the record that was before her in the original sentencing and doesn't seem to have looked at anything that's happened in the intervening years. I mean, you can argue, and I think that you are arguing, that when a sentencing judge points to one factor that supports the sentence and then opposes the sentence, it's implicit that the sentencing judge is rejecting all other considerations. Our cases say that. Well, I don't know if they go quite that far. Of course, we have to put other details. But I don't think there's any circuit court that applies such a view to an above new guidelines sentence. And there's at least one that says that's not enough. Chris. And, Your Honor, it would be our position that in finding him a danger to the community, she was implicitly rejecting his argument. So, I mean, that says there's no need for any clue, however slight, that there was, except for the sentence itself, that the judge considered countervailing factors. We do see, however, that the judge cites to the defendant's motion and cites to, when discussing in the context of whether or not 3582 is applicable, the brief, and it is on page five of his brief that he raises his argument that she should consider his post-conviction. Go ahead. And so, therefore, there's an implication that she read those pleadings. She considered those pleadings. So we have to assume that she read the pleadings? Yes. Okay. Because otherwise we're saying the district judge was in dereliction of duty. You assume the district judge read the pleadings. And if you've read the pleadings, you have been confronted with the defendant's arguments. And then you reject them. You don't have to, under our case law, explicitly go through every factor. Yes, sir. Now, Judge Williams is saying, though, maybe there should be a different, I think he's saying, but where's his mouth, maybe there should be a different rule, at least in this context, where the new sentence is above the guidelines range. So why not have that? A new rule that requires an explicit rejection of. Yes. In other words, the district judge's feet to the fire. You not only have to actually do your job and read the papers, you have to actually write sentences that expressly mention those arguments. As I stand here today, I don't know of any precedent personally that would prevent that type of a rule. If that were the rule, which has not been articulated by that passion before, then I think it calls into question whether she explicitly addressed that in this case. Right. But that wasn't the legal rules under which I believe she was operating at the time that she offered this opinion. Is there a requirement to do a more thoroughgoing explanation for a variance than there is for a within range? Sorry, I'm not sure of that as I stand here right now. Okay. If there are no further questions, the government would ask that the district court's opinion below the affirmative. Thank you very much. We'll give a couple minutes on rebuttal. Well, we understand that district court does not have to march through every single statement or argument made at sentencing and reject or accept it. The district court does have to respond to non-frivolous arguments. This was not a lengthy sentencing. That's not what our case law says. Our case law expressly says the contrary to that. Now, there could be a different rule in an above guidelines sentencing reduction situation. But we specifically said you're not required to address expressly each and every argument advanced by the defendant. So, I mean, there could be a different rule here. I accept that holding by this court, that precedent by this court. I take exception to it, especially given that Rita says the district court procedural reasonableness requires the district court acknowledge the existence of non-frivolous arguments by a party and provide a reasoned or accepted argument, thereby demonstrating the effect of the argument on the ultimate sentence. So, just in terms of procedural reasonableness, we think that a court should, I understand that they don't have to hit every single thing, but especially in these circumstances where everything is on the papers, these are not long, complex arguments. Maybe perhaps in a longer complex, more would be required. But it's a simple thing to assure the public and the defendant that the court has taken the argument seriously. Do you read Gaul as requiring that Supreme Court's decision in Gaul is requiring a bit more explanation for a variance than within range? Absolutely. Yes. There's, we all know there's a presumption that within-guideline sentence is reasonable. So, where a court varies from the guidelines and imposes something higher or lower. But there can't be a presumption that an out-of-guideline sentence is unreasonable because otherwise that would be inconsistent with Booker as the Supreme Court. I'm not suggesting that it's unreasonable. I'm just, again, in terms of how much explanation a court needs to provide. Certainly, it's a sliding scale, given like the, again, maybe the complexity of the argument. Certainly, piles relied significantly on the proposition that it was a within-guideline sentence. I'm sorry. Piles in formulating its requirements relied significantly on the idea that the sentence was within guidelines. I don't think that can be extracted from the piles. When, in these cases where we've said, of course, the district court doesn't have to march through every piece of evidence assembled, are you aware of cases where there's been a categorical complete silence about all of the mitigating evidence and we've said that's okay? I'm not aware of a case where the court has said it's okay, where there's complete silence. In fact, the United States v. Bigley, the court remanded because there was silence in the face of non-frivolous arguments. The problem here that our case law has told the district courts what they need to do, and I'm sure they would do whatever we tell them to do. I'm pretty confident of that, but we've told them so many different things that I think this district judge presumably understood our case law to say, explain the reasons. You don't have to deal with every argument raised by the defendant. Well, there is along those lines, as I said, the district court didn't respond to the post-conviction rehabilitation arguments, but the government ignores that the district court also did not respond to any guidelines argument. The guidelines argument is still intact, and that is a very important argument, and that's the point that I was trying to make with regard to the abuse of discretion. The district court doesn't say anywhere in its paragraph denying the sentence reduction that the guidelines are not a factor. The guidelines, the old guidelines capture this defendant's criminal history and nature and circumstances of this offense. The district court, there is silence on the guidelines, and that being a predominant factor, again, it's another procedural failure by the district court not to Our whole basis for asking for this reduction is that something has changed, and the guidelines are but one factor, but they incorporate so much of 3553A that here, I think the district court had an obligation, if it was going to say, even if he's eligible, why the new guidelines. Right. So that's a narrower argument, and I understand that argument, and you have your broader argument. So I think we understand it. Thank you very much for the arguments. The case is submitted.
judges: Kavanaugh, Millett, Williams